UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

GARY HARVEY,

                Plaintiff,         08 Civ. 7487

  -against-                       OPINION

UNITED STATES OF AMERICA,

                Defendant.

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/09

A P P E A R A N C E S:

Pro Se

GARY HARVEY
Inmate # 58337-054
FCI Ashland
P.O. Box 6000
Ashland, KY  41005

Attorneys for Defendant

LEV DASSIN
Acting United States Attorney
  Southern District of New York
One Saint Andrew's Plaza
New York, NY  10007
By:  Jonathan B. New, Esq.

**Sweet, D.J.**

Petitioner Gary Harvey ("Harvey" or the "Petitioner"), pro se, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2255. The United States (the "Government") has opposed the petition. Based on the facts and conclusions set forth below, the petition is denied.

**Prior Proceedings**

At a hearing on June 12, 2007, Harvey was sentenced to 70 months' imprisonment, having pled guilty to one count of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. See United States v. Harvey, 05 Cr. 1193 (RWS) (S.D.N.Y. June 14, 2007).

On April 1, 2008, the Court received a letter dated January 2008 from Petitioner seeking a "Sentencing Modification." The Pro Se office received what appears to be the same letter on July 21, 2008.

An order treating the letter as a motion pursuant to 18 U.S.C. § 3582(c)(2) and/or 28 U.S.C. § 2241, and

1

denying the motion was entered on August 12, 2008. See United States v. Harvey, No. 05 Cr. 1193 (RWS) (S.D.N.Y. Aug. 12, 2008) (the "August 12, 2008 Order"). Shortly thereafter, on August 25, 2008, the Honorable Loretta A. Preska, acting for Chief Judge Kimba M. Wood, filed an order pursuant to United States v. Adams, 155 F.3d 582 (2d Cir. 1998), giving Petitioner notice that his letter would be treated as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, giving him an opportunity to withdraw the motion, and providing him with sixty days to submit an amended motion. See Harvey v. United States, 08 Civ. 7487 (S.D.N.Y. Aug. 25, 2008)

On September 23, 2008, the Government was directed to respond to Harvey's January 2008 letter. On October 21, 2008, Harvey filed an amended § 2255 motion pursuant to the order issued by Judge Preska.

The petition and the Government's opposition were marked fully submitted on November 2, 2008.

**The Petition Is Denied**

A prisoner in federal custody may challenge his sentence pursuant to § 2255 on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In cases not involving a constitutional violation or lack of jurisdiction, relief is only available when the claimed error constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice' and presents 'exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent.'" Nnebe v. United States, 534 F.3d 87, 90 (2d Cir. 2008) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) ("Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal.").

The grounds set forth in Harvey's § 2255 petition are virtually identical to those advanced in the prior motion for re-sentencing which was denied by the August 12, 2008 Order. First, Harvey contends that his sentence of 70 months' imprisonment was "procedurally unreasonable" because the Court failed to consider the applicable guideline range and the other factors listed in 18 U.S.C. § 3553(a). However, prior to sentencing, the Court issued a Sentencing Opinion in which it calculated the applicable Guideline range and specifically considered the other sentencing factors. As the Court noted in the August 12, 2008 Order:

> [I]n sentencing Harvey, the Court in fact stated that: 1) the offense conduct took place from January to July 2003; 2) that, since 2003, Harvey had been employed with a company in Cincinnati, Ohio; and 3) that it considered the factors outlined in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," in imposing its sentence. During the sentencing hearing, Harvey's counsel urged the Court to consider, <u>inter alia</u>, Harvey's "post criminal conduct rehabilitation" in the four year period since the offense conduct occurred . . . and the Court, "keeping in mind certain of the matters that [Harvey's counsel] raised," reduced the sentence to 70 months from the 78 months outlined in the Court's draft sentencing opinion.

August 12, 2008 Order at 4-5. In light of the Court's explicit consideration of the factors laid out in §

4

3553(a), as well as Harvey's conduct post-2003, the sentence imposed was not procedurally unreasonable.

The second ground that Harvey identifies in his § 2255 petition alleges "extraordinary and compelling circumstances that demands [sic] a reduced sentence." However, in order to obtain relief from a conviction under § 2255, in the absence of a constitutional error or lack of jurisdiction, a movant must demonstrate "an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano, 83 F.3d at 589-90 (quotations and citations omitted). Harvey has not demonstrated that any such "fundamental defect" exists here.

In essence, Harvey has renewed his request for a re-sentencing based upon his post-sentencing diagnosis and treatment for prostate cancer. To the extent that Harvey is claiming that his medical condition "does not allow him to provide self-care within a prison environment," he does not challenge "the legality of the imposition of a sentence," Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 2001), but rather the conditions of his confinement. Accordingly, he may be able to file a motion challenging

5

the "execution" of his sentence pursuant to 28 U.S.C. § 2241. See United States v. Maldonado, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." (quotation and citation omitted)). The facts alleged in the instant petition, however, do not warrant relief under § 2255.

**Conclusion**

For the foregoing reasons, Harvey's § 2255 petition is dismissed.

It is so ordered.

New York, N.Y.
June 30, 2009

ROBERT W. SWEET
U.S.D.J.

6